

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

February 20, 1976

The Honorable Thomas S. Bishop
Adjutant General
P. O. Box 5218
Austin, Texas   78763

Opinion No. H-784

Re:  Effect of enactment
of workmen's compensation
for compensation for
injured members of the
state military forces.

Dear General Bishop:

You have requested our opinion regarding the effect of the enactment of article 8309g, V.T.C.S., which furnishes workmen's compensation coverage for state employees, on section 10 of article 5783, V.T.C.S., which provides a system of compensation for members of the state military forces who suffer illness or injury.

Article 8309g establishes workmen's compensation insurance for all state employees, as defined therein, with certain specified exceptions, for all injuries sustained in the course of employment.  Benefits are similar to those conferred by the general workmen's compensation statute, article 8306, V.T.C.S.  Article 5783, on the other hand, is applicable to any injury or illness sustained while the individual is "in line of duty in the service of this state." Sec. 10(a).  In addition to providing reimbursement for all medical and hospital care, article 5783 authorizes the disabled individual to

> receive the same pay and allowance . . .
> to which he was entitled at the time
> when the injury was incurred or the
> disease or illness contracted, during
> the period of his disability but not
> for more than a total of twelve (12)
> months after the end of his tour of
> duty.  Sec. 10(a).

Benefits afforded by article 5783 to those who become perm-
anently disabled, and to the estates of those whose injury
or illness results in death, are also more generous than
those conferred by article 8309g. You ask whether article
8309g has repealed by implication article 5783, sections 10
and 11, and if not, whether article 8309g extends additional
coverage to members of the state military forces.

Repeals by implication are not favored. Halsell
v. Texas Water Commission, 380 S.W.2d 1 (Tex.Civ.App.--
Austin 1964, writ ref'd. n.r.e.). Furthermore, the enactment
of a general law does not ordinarily operate to repeal a
more particular statute. Flowers v. Pecos River R. Co.,
156 S.W.2d 260, 263 (Tex.Sup. 1941). Where there is no
express repeal of the older law, there is a presumption that
the Legislature, in enacting the more recent legislation,
intended that the prior statute remain in effect. Hankins
v. Connally, 206 S.W.2d 89 (Tex.Civ.App. -- Waco 1947, writ
ref'd. n.r.e.). The legislation which enacted article 8309g
contains an express repeal of numerous statutes, but article
5783 is not among them. Acts 1973, 63rd Leg., ch. 88, p. 187
at 200.

Furthermore, the current appropriation for the Adjutant
General's Department provides:

> Appropriations made herein above to the
> Adjutant General's Department include all
> expenses for operations, maintenance and
> services necessary to perform the respon-
> sibilities imposed by statute and by other
> legislative action, including . . .medical
> and hospital services . . . . Acts 1975,
> 64th Leg., ch. 743, p. 2417 at 2533.

It thus appears that the Legislature, by specifically alluding
to "medical and hospital services" in its appropriation for
the Adjutant General's Department, contemplated the continued
viability of article 5783. We believe that all the available
evidence clearly indicates that the Legislature, in enacting
the general workmen's compensation statute for state employees,
did not intend thereby to repeal article 5783.

You also inquire whether, in view of the continued applicability of article 5783, members of the state military forces are now additionally covered by the terms of article 8309g. Initially, we observe that article 8309g applies to every "employee," who is defined as

> a person in the service of the state
> pursuant to election, appointment,
> or an express contract of hire, oral or
> written, except a person employed by the
> State Highway Department or by an insti-
> tution of higher education subject to a
> separate workman's compensation law.
> Sec. 1(1).

Since members of the state military forces are not specifi-cally excepted, such a broad definition of "employee" would seem to embrace them within the coverage of article 8309g by virtue of the well established rule that the express mention or enumeration of one or a number of persons, things, consequences, or classes is tantamount to an express exclusion of all others. Clark v. Briscoe Irrigation Co., 200 S.W.2d 674 (Tex.Civ.App. -- Austin 1947, no writ).

We are supported in this conclusion by Attorney General Opinion H-338 (1974), where we were asked whether the benefits provided under article 8309h, V.T.C.S., which are similar to those of article 8309g, but are applicable to employees of political subdivisions, were intended to offset the sick leave benefits granted to firemen and policemen pursuant to article 1269m, V.T.C.S. We indicated:

> Where the same illness or injury is
> concerned, we find nothing in either
> Article 1269m or Article 8309h providing
> that benefits under one should be set off
> against benefits under the other. . . .
> While it may not have been the intention
> of the Legislature to allow such a recovery,
> we can find no basis upon which we can deny
> it.

See also Attorney General Opinions H-701 (1975), H-676 (1975).  In our opinion, the broad language of article 8309g, and the lack therein of any exception or offset provision relating to persons covered by article 5783, require us to conclude that article 8309g is fully applicable to persons in the state military forces.

S U M M A R Y

Article 8309g does not repeal any portion
of article 5783.  Article 8309g is fully
applicable to persons in the state military
forces, notwithstanding any overlapping
coverage under article 5783.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb